## 30341. HAMILTON v. THE STATE.

PER CURIAM.

William Hamilton, Jr., was indicted for armed robbery, aggravated assault, carrying a concealed weapon and carrying a pistol without a license. He was convicted of armed robbery and aggravated assault and sentenced to serve consecutively fifteen years and five years respectively. He was found not guilty on the other two charges. He filed a motion for new trial which was denied by the trial court and he appeals to this court.

The evidence shows that the victim was taking care of her husband's liquor store about 3:00 p.m. on June 3, 1973, while he left for a few minutes. Two black men came into the store while she was there alone and went to the beer counter. As one of them was paying for his beer, the other one came up behind her and hit her on the head three times with a hard object. They took about $300 from the cash register. They also took her husband's gun which was beneath the cash register. She gave the police officers a description of the robbers and positively identified the appellant in a lineup. The husband of the victim returned

to the store a few minutes later. The car in front of the store in which the appellant was riding was recognized by him as the car which had been at the store earlier in the day. He ran into the store and found his wife lying in a puddle of blood. The police were called and the car and suspects described. A few minutes later a city police officer stopped the suspects' car for speeding and took the car and suspects to the police station for a violation of the traffic laws. In the meantime a description of the car and suspects had been received at the police station and the appellant and the two men with him were arrested. A .22 caliber gun was in plain view in the suspects' car and a bag containing $174 was found on the floorboard of the car. The gun belonging to the owner of the liquor store was found later in a paper bag on the street. One of the alleged co-conspirators testified that the appellant had told them that the liquor store looked like an easy place to rob; that after the robbery, the appellant suggested that they change shirts; and the appellant urged the alleged co-conspirator to run some red lights as they attempted to escape.

The appellant testified that after the trio left Tifton, Georgia, for Valdosta, he went to sleep because he had driven all the previous night and that he did not awaken until the car was stopped by the police officer for speeding. *Held:*

1. The motion of appellate counsel to withdraw from this case is denied. We proceed to review the entire record and determine the case on its merits.

2. The evidence was sufficient to authorize the convictions of armed robbery and aggravated assault. The victim positively identified the appellant as one of the perpetrators of the crimes. The evidence supports a conclusion that the theft was committed with the use of an offensive weapon.

3. The testimony of an alleged co-conspirator was corroborated by the direct evidence of the victim.

4. Although the victim of the robbery could not say which of the two perpetrators of the crimes took the money from the cash register, the evidence was sufficient to show that this appellant was one of them.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 19, 1975 — DECIDED OCTOBER 28, 1975.

*James W. Hall,* for appellant.
*Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.